

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

September 15, 1960

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-932

Re: Interpretation of Art. 10.15
 H.B. 11, 3rd C.S., 56th Leg.
 (Title 122A, Taxation-
 General) providing excep-
 tions to refunds of tax on
Dear Mr. Calvert:   special fuels.

   Your recent letter submits the following question for an opinion:

     "Do you construe Article 10.15-(2)
  to mean that the delivery of special fuels
  into fuel supply tanks of tractors, machines
  and road construction equipment for use in
  hauling, moving and spreading dirt, gravel
  and other materials, supplies and products
  on and over highway construction jobs paid
  for from State funds to which special fuels
  taxes are allocated, will constitute and be
  deemed to mean the delivery of special
  fuels into fuel supply tanks of motor
  vehicles for taxable use when such construction
  job sites are not then and have not thereto-
  fore been open to the public for vehicular
  travel?"

   We answer your question in the negative.

   A tax upon special fuels is provided for by Chapter 10 of H.B. No. 11, 3rd C.S., 56th Leg., (Title 122A, Taxation-General). Certain terms are defined in Art. 10.01, among which are the following:

     "(5) 'Motor vehicle' means any automobile,
    truck, pickup, jeep, station wagon,
    bus or similar vehicle, propelled by
    a motor or internal combustion engine
    upon the public highways; provided, that
    any tractor, combine, or other vehicle
    or machine designed primarily for use
    off the public highways shall be deemed
    to be a motor vehicle when propelled

> or serviced with special fuels for
> propulsion, upon the public highways.

> " . . . .

> "(10)  'Public highway' means and includes
>        every way or place of whatever
>        nature open to the use of the public
>        as a matter of right for the purpose
>        of vehicular travel including toll
>        roads, and notwithstanding that the
>        same may be temporarily closed for
>        the purpose of construction, re-
>        construction, maintenance or repair."

The tax is levied by Art. 10.03, which reads in part as follows:

> "(5)  Every user shall report and pay to
>       the State the tax, at the rate
>       imposed, on each gallon of special
>       fuels delivered by him into the fuel
>       supply tanks of motor vehicles,
>       unless said tax has been paid to a
>       licensed supplier. . . ."

You have informed us that a contractor or user delivering special fuels into the supply tanks of tractors, machines, and road construction equipment used in highway construction jobs, as in your question, is ordinarily a "Bonded User" permittee under Art. 10.11 (1) and therefore entitled to purchase such fuel tax free. No tax liability arises against him until the fuel is "delivered by him into the fuel supply tanks of motor vehicles." This is to be contrasted with the status of non-bonded users (Art. 10.11(1), who are required to pay the tax upon acquisition from suppliers (Art. 10.03(3) ).

Provisions are made in Art. 10.14 for refunds of tax paid in certain situations. Exceptions to such refunds are made by Art. 10.15, as follows:

> "(1)  No tax refunds shall be paid to any
>       person on special fuels used in any
>       construction, maintenance or repair
>       work on or in connection with the
>       public highways of this State when
>       and if such work is paid for from
>       any State funds to which special
>       fuels tax collections are allocated
>       or is paid jointly from any such

State funds and Federal funds.

"(2) The delivery of special fuels into
the fuel supply tanks of any tractor,
truck tractor, vehicle, or machine
of any kind or description for use
(a) in hauling materials, supplies
or products over the public high-
ways to or from, or in connection
with, any highway construction,
maintenance or repair work, or (b)
for use in mowing the right of way
of the public highways, when such work
is paid for from State funds or State
and Federal funds as above provided,
shall constitute and be deemed to
mean the delivery of special fuels
into the fuel supply tanks of
motor vehicles for taxable use."

In the situation presented by your question, no high-
way exists. There is no "way or place. . .open to the use of
the public as a matter of right for the purpose of vehicular
travel. . ." It is not "temporarily closed for the purpose of
construction, reconstruction, maintenance or repair." It has
never been opened. The machinery and road building equipment you
describe are not propelled upon the public highways, while on the
job site, and are therefore not "motor vehicles" within the
quoted definition. This being true, delivery of motor fuel in
the supply tanks of these vehicles would not constitute a taxable
incident under the Act. However, the delivery of special fuels
into fuel supply tanks of these vehicles to propel same on the
highways in going to and from the job site is a taxable incident.
As no tax has been paid by this bonded user, the "exceptions to
tax refunds" provision contained in Art. 10.15 would not affect
him.

## S U M M A R Y

Under Chapter 10, Title 122a, Taxation-
General, R.C.S., delivery of special fuels
into fuel supply tanks of equipment used in

highway construction jobs paid for from
State funds to which special fuels taxes
are allocated, when such construction job
sites are not then and have not theretofore
been open to the public for vehicular travel,
does not constitute delivery of fuel into
the fuel supply tanks of "motor vehicles",
as defined in that chapter, for a taxable
use.

Yours very truly,

WILL WILSON
Attorney General of Texas

By James R. Irion
James R. Irion
Assistant

JRI:jip

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Byron Fullerton
Phocion Park, III
Robert H. Walls
Harris Toler

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore